UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| FAVOUR MARINE SA, | : | |
| | | 10 Civ. 5814 (SAS) |
| Petitioner, | : | |
| | | **HSBC BANK USA'S ANSWER** |
| | : | **TO THE PETITION** |
| – against – | | |
| | : | |
| HSBC BANK USA N.A., HSBC HOLDINGS PLC and HSBC BANK PLC, | : | |
| | : | |
| Respondent. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - x

    Respondent HSBC Bank USA, National Association s/h/a as HSBC Bank USA N.A. ("HSBC USA"), by its attorneys, Mayer Brown LLP, answers the Petition for Special Proceeding and Turnover of Non-party Judgment Debtor's Property (the "Petition") as follows:

Petition paragraph 1: This is a maritime claim within the Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333 and a maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure in that it involves the satisfaction of a foreign judgment arising from the breach of a maritime contract.  This Court also possesses jurisdiction pursuant to 28 U.S.C. § 1331 in that diversity of citizenship exists between the parties and the amount in controversy exceeds, exclusive of interest and costs, $75,000. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

*Answer to Petition paragraph 1:*

    The allegations contained in paragraph 1 of the Petition state legal conclusions to which no responsive pleading is required; to the extent that a response is

required, HSBC USA denies that the requirement of complete diversity under 28 U.S.C. § 1332 is satisfied.

Petition paragraph 2:  Venue is appropriate in that this action constitutes the equivalent of a "special proceeding" under N.Y. C.P.L.R. Article 4, and pursuant to N.Y. C.P.L.R. § 506 may therefore be commenced in any county designated by Petitioner Favour.

*Answer to Petition paragraph 2:*

The allegations contained in paragraph 2 of the Petition state legal conclusions to which no responsive pleading is required.

Petition paragraph 3:  Further, the provisions of N.Y. C.P.L.R. Article 52, including § 5225(b), are made applicable in this Court pursuant to Fed. R. Civ. P. 69(a).

*Answer to Petition paragraph 3:*

The allegations contained in paragraph 3 of the Petition state legal conclusions to which no responsive pleading is required.

Petition paragraph 4:  Petitioner Favour was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an agent care of TMT Bulk Corporation of Panama, trading as TMT Bulk Co. Ltd. 12 F., No. 167, Fuxing N. Rd, Songshan Dist. Taipei 105, Taiwan, R.O.C.

*Answer to Petition paragraph 4:*

HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 4.

Petition paragraph 5:  Respondent HSBC USA was and still is a foreign business corporation registered with New York's Department of State Division of Corporations and maintaining a principal place of business at 452 Fifth Ave., New York, NY, 10018.

*Answer to Petition paragraph 5:*

HSBC USA denies the allegations of Petition paragraph 5, except admits that it maintains executive offices at 452 Fifth Avenue, New York., New York.

Petition paragraph 6:  Respondent HSBC Holdings was and still is a foreign business corporation with an office at 8 Canada Square London, England, E14 5HQ, United Kingdom.

*Answer to Petition paragraph 6:*

    HSBC USA admits the allegations of Petition paragraph 6.

Petition paragraph 7:  Respondent HSBC PLC was and still is a foreign business corporation also with an office at 8 Canada Square London, England, E14 5HQ, United Kingdom.

*Answer to Petition paragraph 7:*

    HSBC USA admits the allegations of Petition paragraph 7.

Petition paragraph 8:  The HSBC Respondents function as a single, global banking institution that, upon information and belief, regularly conducts continuous and systematic business in New York in such a manner and to such an extent as to be subject to this Court's jurisdiction.

*Answer to Petition paragraph 8:*

    HSBC USA denies the allegations of Petition paragraph 8, except admits that HSBC USA conducts business in New York.

Petition paragraph 9:  Pursuant to a maritime contract of charter party dated September 20, 2007, Petitioner Favour agreed to let the M/V INTEGRA DUCKLING to non-party Industrial Carriers Inc. ("ICI") for a period of between 23 and 25 months. A copy of the contract memorializing that agreement is annexed to the Gutowski Affidavit as Exhibit A.

*Answer to Petition paragraph 9:*

    HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 9.

Petition paragraph 10:  Despite Favour's due delivery of the vessel to ICI in accordance with the terms of the charter party, ICI breached the agreement by failing and/or refusing to perform the contract.

*Answer to Petition paragraph 10:*

  HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 10.

Petition paragraph 11: As a result of ICI's breach, claims arose on behalf of Petitioner Favour against ICI, and in accordance with the terms of the contract, Favour commenced arbitration against non-party ICI in London.

*Answer to Petition paragraph 11:*

  HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 11.

Petition paragraph 12: Petitioner Favour prevailed in those proceedings and, as set forth at Exhibit B to the Gutowski Affidavit, was awarded the following sums in the London Arbitration: (a.) $20,998,732.06 in damages resulting from ICI's breach of the charter party; (b.) Interest calculated on that amount at the rate of 5.5 percent per annum compounded with three monthly rests running from August 16, 2009 until payment; and, (c.) £5,100 for the costs of the arbitration against ICI.

*Answer to Petition paragraph 12:*

  HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 12.

Petition paragraph 13: However, despite Favour having prevailed in the London arbitration proceedings, ICI has failed and/or refused to satisfy any portion of the outstanding London arbitration award, and the full amount of the award remains due and owing to Favour.

*Answer to Petition paragraph 13:*

  HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 13.

Petition paragraph 14: On May 18, 2010, the United States District Court for the Southern District of New York, in the matter of Favour Marine SA v. Industrial Carriers Inc.,

    09 cv 10054 (DAB), entered a Judgment confirming the London arbitration award, a copy of which is attached to the Gutowski Affidavit as Exhibit C.

*Answer to Petition paragraph 14:*

    HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 14.

Petition paragraph 15:  The District Court entered Judgment in favor of Petitioner Favour in the amount of $20,998,732.06, plus $891,348.57 in interest, $7,742.22 in arbitral costs (the then-current dollar equivalent of £5,100), and $115,992.93 in costs incurred by Plaintiff in prosecuting and enforcing the award, for a total amount of $22,013,815.78. See Exhibit C.

*Answer to Petition paragraph 15:*

    HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 15.

Petition paragraph 16:  Enforcement of the District Court's Judgment in this matter has not been stayed, and, despite due demand, the sum of $22,013,815.78 remains due and owing to Petitioner Favour.

*Answer to Petition paragraph 16:*

    HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 16.

Petition paragraph 17:  Because the sum of $22,013,815.78 remains due and owing to Petitioner Favour, and because it has become evident that non-party Judgment Debtor ICI has no intention of satisfying the outstanding judgment, Favour now petitions this Court for relief pursuant to N.Y. C.P.L.R. Article 52 and against assets of Judgment Debtor currently within the possession of the HSBC Respondents.

*Answer to Petition paragraph 17:*

HSBC USA denies that any assets of the Judgment Debtor are currently in its possession and denies knowledge or information sufficient to admit or to deny all other allegations of Petition paragraph 17.

Petition paragraph 18:  Petitioner Favour seeks relief pursuant to N.Y. C.P.L.R. Article 52 over assets of non-party/judgment creditor ICI that, upon information and belief, are within the possession of the HSBC respondents at 93, Akti Miaouli Str., 185 36 Piraeus, Greece.

*Answer to Petition paragraph 18:*

HSBC USA denies that any assets of the Judgment Debtor are currently in its possession and denies knowledge or information sufficient to admit or to deny all other allegations of Petition paragraph 18.

Petition paragraph 19:  The last-known address of Judgment Debtor ICI was in care of Marshall Islands Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro MR 96960, Marshall Islands, with an agent in this District in care of CT Corporation System, 111 Eighth Avenue, New York, N.Y. 10011. A print-out copy from the website of New York's Department of State evidencing ICI's registration in New York as a foreign business corporation is attached as Exhibit D to the Gutowski Declaration.

*Answer to Petition paragraph 19:*

HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 19.

Petition paragraph 20:  Petitioner Favour, as judgment creditor, possesses an interest in the assets of ICI resulting from ICI's failure and/or refusal to satisfy the outstanding London arbitration award issued in its favour and the ensuing judgment recently entered by this Court.

*Answer to Petition paragraph 20:*

        HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 20.

Petition paragraph 21:  Pursuant to N.Y. C.P.L.R. § § 5222, 5224, 5225, 5227 and/or other applicable sections of the CPLR, Petitioner Favour has or shortly will serve its Subpoena and Restraining Notice upon the HSBC Respondents as garnishees of Judgment Debtor ICI's property.

*Answer to Petition paragraph 21:*

        HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 21.

Petition paragraph 22:  Petitioner's Restraining Notice pursuant to CPLR § 5222 restrains the HSBC Respondents from transferring or allowing to be transferred any and all property in which non-party ICI has or may have an interest, and over which the HSBC Respondents exercise possession or control, whether such property is located within or outside the State of New York, and that any branch of the HSBC Respondents, wherever located, shall comply with such Restraining Notice.

*Answer to Petition paragraph 22:*

        HSBC USA denies the allegations of Petition paragraph 22.

Petition paragraph 23:  Pursuant to Petitioner Favour's Subpoena and CPLR § 5224, the HSBC Respondents shall promptly answer the Subpoena served upon its New York and London places of business and thus inform the Petitioner as to what property of Judgment Debtor ICI it holds, the location of such property, and the details of such property, including whether such property is found within or without the State of New York.

*Answer to Petition paragraph 23:*

        The allegations of paragraph 23 of the Petition do not require any responsive pleading; to the extent a response is required, HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 23.

Petition paragraph 24:  Petitioner Favour further respectfully submits that because the Judgment Debtor is a corporate entity, the provisions of CPLR § 5222(1) prohibiting the attachment of funds of $1,750 or less or such other statutory amount based upon the minimum wage are unnecessary to protect the Judgment Debtor, and Petitioner Favour respectfully requests to be allowed to attach any amount and that the Court find that the amount of $1,750 is unnecessary for the reasonable requirements of the Judgment Debtor ICI pursuant to the Court's authority under CPLR § 5222(i).

*Answer to Petition paragraph 24:*

HSBC USA denies knowledge or information sufficient to admit or to deny the allegations of Petition paragraph 24.

Petition paragraph 25:  Pursuant to CPLR § 5225(b), the Court may Order a garnishee in possession of property of a judgment debtor to turn over such property to a judgment creditor in satisfaction of a debt.

*Answer to Petition paragraph 25:*

The allegations contained in paragraph 25 of the Petition state legal conclusions to which no responsive pleading is required.

Petition paragraph 26:  Further, CPLR § 5225(b) provides that a Court may Order a garnishee in possession of property of a judgment debtor, the location of which is outside New York State, to bring such property into the jurisdiction of the Court in order to satisfy a debt.

*Answer to Petition paragraph 26:*

The allegations contained in paragraph 26 of the Petition state legal conclusions to which no responsive pleading is required.

Petition paragraph 27:  Pursuant to CPLR § 5227, the Court may Order a person who is or will become indebted to the judgment debtor to pay to the judgment creditor the debt upon maturity, and may further order that party to execute and deliver any document necessary to effect payment; and the Court may direct that a judgment be entered against such person in favor of the judgment creditor.

*Answer to Petition paragraph 27:*

The allegations contained in paragraph 27 of the Petition state legal conclusions to which no responsive pleading is required.

*Response to Prayer for Relief:*

The Petition's Prayer for Relief does not require any responsive pleading; to the extent that a response is required, HSBC USA denies that the Petitioner is entitled to any form of relief from HSBC USA sought in the Prayer for Relief.

### Additional Defenses

Without assuming any burdens not stated in the law, HSBC USA asserts the following defenses to plaintiff's claim:

### First Defense

The Petition fails to state a claim on which relief can be granted against HSBC USA.

### Second Defense

The Petition is barred, in whole or in part, by the doctrines of estoppel, res judicata, payment, release, discharge, and accord and satisfaction.

WHEREFORE, respondent HSBC Bank USA, National Association respectfully requests judgment dismissing the Petition as against it and granting it such other, further and different relief as to the Court may appear just and proper.

Dated: New York, New York
      August 23, 2010

                        MAYER BROWN LLP

By: _____
     Michael O. Ware
     *mware@mayerbrown.com*
     Andrew J. Calica
     *acalica@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for respondent HSBC Bank USA, National Association*